## CÁTALA ET AL *v.* LACOURT.

### APPEAL from the District Court of Mayagüez.

No. 100.—Decided April 16, 1906.

APPEAL.—In order that the Supreme Court may reverse a judgment of an inferior court on appeal, it is necessary that it should have before it a certification, duly authenticated, as to what documents the trial court took into consideration in rendering the judgment appealed from.

The facts are stated in the opinion.
*Mr. Vázquez* for appellant.
*Messrs. Acuña and Méndez* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of Mayagüez the appellants made a motion which reads as follows:

"The plaintiffs, through their attorney, Fernando Vázquez, appear and allege:

"That after the auction and sale of the estate to my clients for

the sum of $8,000, this sum was not sufficient to cover the first mortgage in favor of Eugenio Orsini and the amount claimed by the plaintiffs in this case; for which reason no sum remained to apply on the third mortgage of Juan Vicenty, as is seen from the liquidation set out in the record. I present herewith a document.

"Therefore, and in view of the fact that the marshal has issued the deed of transfer of the estate in favor of my clients, as appears from the return signed by said officers, in accordance with the provisions of article 125 of the Mortgage Law, and article 174 of the Regulations for the application of the same, it is proper to cancel the said mortgage of Vicenty; and reiterating here my motion of the 25th of April, I pray the court to order the cancellation of the mortgage in favor of Juan Vicenty for $15,000 on the estate sold at auction in this proceeding, recorded on folio 62 of the volume 16 of Las Marías, estate number 236; and that for this purpose an order in duplicate be issued to the registrar of property describing therein the estate, and inserting the said liquidation, and further matters appearing in the record which may be necessary for the cancellation requested."

This motion bears date the 7th of August, 1905, and refers to a previous one made on the 25th of April, 1905. The latter motion recites that there had been a sale of the property referred to, and that there was enough money left to apply' to a third mortgage of Juan Vicenty, and for this reason the third mortgage should be canceled according to what is provided in article 125 of the Mortgage Law, and the second paragraph in article 174 of the Regulations with respect thereto. Accompanying the earlier motion is a liquidation or a statement of debts, and reference is made to an order of the District Court of Aguadilla, dismissing a suit begun by Juan Vicenty to declare null and void the mortgage deed which gave rise to the proceeding for the recovery of appellant's debt. The said motion makes no reference to any other papers.

With respect to the motion bearing date of August 7, 1905, the District Court of Mayagüez entered an order dismissing it because the documents presented with it were not

sufficient to show that appellants had a right to ask the cancellation which was prayed for. From this order overruling or dismissing the motion the appellants appeal. In the roll of papers presented to us, purporting to be a copy of all the papers on.file in the court below, there are a number of other documents or writings, some of them entitled in the District Court of Aguadilla, and some of them apparently entitled in the former District Court of Mayagüez. It is conceded by both parties that the original proceeding was begun in the former District Court of Mayagüez, and when the courts were changed in July, 1904, devolved upon the present court of Aguadilla. However that may be, it is impossible for us to tell what papers the district judge in Mayagüez had before him when he dismissed the motion of the appellants. The motion makes no reference to most of the papers, copies of which are before us, and there is no other intimation in the record which shows how these papers became a part of the roll which has been submitted to us on appeal. It is alleged by the appellee that the court at Mayagüez had only the papers before it which were alleged in the motion, and the indications from the record would seem to justify this contention. In any event, this court cannot reverse the findings of the District Court of Mayagüez without having some authentic certification of the papers it actually had before it when it made its order of dismissal.

As we have nothing before us to justify the reversal of the action of the District Court of Mayagüez, the order appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.